*Hitchcock, J.
Tho facts of this case are somewhat singular, as disclosed in the pleadings and evidence. Margaret Miller was left a widow in 1820. In 1841, almost twenty-one years after the death of her husband, she filed her petition for dower. Had she waited four months longer, she would have been barred by the statute of limitations. One of the defendants is her daughter, whose husband has purchased the rights of the other heirs, and taken their conveyances with covenants against incumbrances, and with warranty. The case, forsomo cause, wasdelayod in its progress until July, 1843, when the petitioner departed this life, no final decree having been entered. Six months thereafter, John A. Miller, one of the heirs of the deceased husband, and who had conveyed with covenants, attempts to revive this suit, not for the purpose of effecting the original object of the bill, but for another and a different object. The question is, can he do it? Is this a case which can be revived? This is the question for the court now to decide.
An estate in dower exists where a man is seized of an estate of *521 inheritance, and dies in the lifetime of his wife. In such case, by the common law, the wife is entitled, to be endowed, for her natural life, of the third part of the land whereof her husband was seized during the coverture, and of which any issue she might have had, might by possibility have been heir. By our statute, “the widow of any person dying, shall be endowed of one full and equal third part of all the lands, tenements, and real estate of which her husband was seized during the coverture, as an estate of inheritance.” Swan’s Slat. 296.
The estate is an estate for life. It commences with the death of the husband ; it ceases with the death of the wife. It is not in tho power of the widow to transfer any interest in it, until it has been actually assigned. When the dower is assigned, when it is aparted and set off to her by metes and bounds, then she may sell and convey, not before. The right, the chose in action, if I may so speak, is not assignable. It may be relinquished to him who has the next estate of inheritance in the *land out of which it is to be carved, but can not be transferred to a third person.
Our law has made ample provision for the assignment of dower when it is withheld. It is to be done through the instrumentality of the courts of justice ; and, when the dower is set off, the law makes provision that the widow shall be entitled to a c.ompensation for the time it is withheld after petition is filed. This compensation is to be ascertained by the commissioners who set off the dower. All these previous proceedings are to be confirmed by decree of the court. When that decree is pronounced, then, and not till then, the compensation becomes a chose against the tenant, to be enforced as the court may direct; and I have no doubt that the payment of this compensation, the -same being once fixed by final decree of tho court, might, in case of the subsequent death of the dowress, be enforced by her representative.
In all these proceedings the widow is the actor. Everything is done in her name. She can not delegate this right to another. If she ceases to carry on the suit, it is discontinued. Taking all these circumstances into consideration, it seems to the court that, if any legal proceedings are abated by the death of a party, such abatement must take place in the case of the death of a widow who is prosecuting a suit for dower. In such ease there can be no revivor. The bill is dismissed.