McIlvaine, J.
I. Upon the pleadings and record before us, we do not see how the decree in favor of Pringle & Heiskill against Fanny C. Edwards can be sustained. Tier answer to the petition averring the payment of the specific indebtedness, sought to be appropriated, was uncontroverted by the plaintiff’. There was no issue joined upon this plea of payment, and we can not assume that the finding and order of the-court were sustained by the evidence,, but must assume that there was no testimony offered on the question of payment. For the purposes of this case, the answer must be taken as true, and the decree set aside.
As the case must be remanded for further proceedings, we deem it proper to express our opinion on two or three other matters connected with this branch of the case, and which are assigned for error.
1. It is claimed that Pringle & Heiskill could not enforce-the lien which their judgment debtor held, as vendor, to-secure the purchase money due to him from Fanny C. Edwards.
That a vendor’s lien can be enforced only by the vendor,, may be true as a general rule; but undoubtedly it is subject to exceptions. On the death of the vendor, such lien may be enforced by his personal representatives. Story’s Eq.. Jur., secs. 789,1227, and cases there cited. -Such lien may also be enforced by creditors and legatees in marshaling the assets of the vendee. 4 Russ. 336; 9 Ves. Jr. 209; 15, Ves. 339; 6 Johns. Ch. 402. Ve can see no reason why the same may not be done by a judgment creditor of the-vendor, in an action to subject purchase money due the lat *412 ter to the payment of the judgment. The equitable right of the judgment creditor is to have the claim due from the purchaser to his debtor subjected to the payment of his judgment. An essential element in the value of such claim is the security held for its payment. To deny the judgment creditor such security would be inequitable to him, .and to the vendor, while the granting of it would do injustice to no one. In' such action, the vendor and vendee, both being parties, it appears to us that the lien of the vendor should be enforced for the benefit of the judgment •creditor to the same extent that it would be enforced if the .action had been brought by the vendor himself against the vendee for the enforcement of the lien.
2. It is also claimed that Pringle & Heiskill, under the averments in their petition, wrere not entitled to the benefit of the vendor’s lien. It is true they did not aver, in so many words, the existence of the vendor’s lien, nor did they specifically pray for its enforcement. They did, however, aver all the facts essential to the existence of the lien, and prayed for general relief. "We think, therefore, that' the petition was sufficient to warrant the decree.
3. It is also claimed that the averment in the petition, ■that the purchase money was due from the vendee and her husband, shows that the vendor’s lien had been waived. This claim is based on the legal presumption of« waiver arising from the fact that other security was taken for the purchase money. The record shows that both Fanny and her husband denied his liability, and the decree does not find him to have been liable. If the husband did not, in fact, assume the payment of the purchase, and the sale was not, in fact, made on his credit, the vendor’s lien attached; and we think the court was not precluded from so finding, notwithstanding the allegation in the petition. Indeed, it is very doubtful whether a waiver of the vendor’s lien can be inferred at all, from the mere fact that a husband binds himself, as well as the wife, for the payment of purchase money of property conveyed to the wife.
II. It is further claimed by plaintiffs in error, that *413 “the court erred in finding a mechanic’s lien in favor of Edward and against the premises of Eanny C. Edwards;” and in finding and ordering that more than one-half the amount of the pretended lien . . should be paid out of the lands of Eanny C. Edwai’ds;” and “ in dividing, the amount of the claim of said Edward Edwards, and in-, decreeing the payment of $718.75 of the same by Eanny C. Edwards, and that said sum was a separate lien upon her lands; and in ordering the same to be sold in payment, of the same.”
The statute in relation to liens in favor of mechanics-(S. & O. 838) provides, that any person who shall perform labor or furnish materials for the erection of any house, etc.,, by virtue of a contract or agreement with the owner thereof, shall have a lien, to secure the payment of the same, upon such house and the lot of land upon which the-same shall stand.
The house erected by Edward stood .partly on land, owned by Susan and partly on land owned by Eanny; and the labor was performed and the materials furnished under a verbal contract with them and their respective husbands.
If Susan and Eanny had been legally competent to bind themselves personally, and to bind their estates for the-performance of this contract to the full extent of its-terms, there can be no doubt that they and each of them, as well as their husbands, would have been estopped, as against Edward, from denying such ownership as was necessary to sustain the mechanic’s lien. But being married women, it may be conceded that they were incompetent to bind themselves or to bind their respective estates beyond the cost and expense of their improvement. To’ this extent, however, each was capable of making such Contract with Edward as would bind her property under the mechanic’s lien law. Machir v. Burroughs, 14 Ohio St. 519. And to the same extent, each was capable of binding herself personally. S. & O. 391, act of March 23, 1866.
Notwithstanding the contract relied on to support the - lien was joint in form and incapable of being enforced to - *414 the full extent and meaning of its terms, by reason of the want of power in the contracting parties to bind themselves or their respective estates beyond the cost and expense of improving them respectively, still, we think, in equity, it should be regarded as the contract of each, and a charge against the separate estate of each, to the full extent that such separate property was benefited by the labor and materials thus procured for its improvement.
The fact that the husbands of these owners joined with them in the contract for the improvement of their several estates can make no difference, especially as there is no intimation that the work was performed or the materials furnished on the credit of the husbands.
Under the statute above referred to (S. & C. 833), the lien in favor of the mechanic is secured by filing with the recorder, to be recorded, etc., a verified account of the items of labor and materials, etc. A single account and record were made in this case, and the balance, for which the lien was sought to be enforced, was a gross sum, claimed to be due on the contract.
There being, in fact, but one contract, and but one house erected (erected, however, in such a manner as to furnish a separate domicile to each of the owners, and situated upon her separate estate), we think there'was a sufficient compliance with the statute in this respect to secure a lien against each of the lots for the value of the labor and materials expended for its improvement.' This statute being remedial in its nature, should be reasonably construed, and with a view to the accomplishment of the ends for which it was enacted.
If the foregoing views be correct, it follows that there was no error in dividing .the claim due the mechanic, and apportioning the same among the owners according to the amount of benefit, which accrued to each estate, or in ordering the sale of such estate to satisfy the amount of the lien thus found to exist thereon.
III. We think the court below erred, in rejecting the testimony of James P. Edwards, as offered by Eanny, and *415 in holding that he was incompetent to testify as a witness for her. These rulings are sought to be j ustified on the ground that Susan, the wife of James P., who was also a party in the action, had been previously called as a witness by Edward Edwards, and had testified in the case. And it is especially claimed, under section 314 of the code, as amended February 16, 1866 (S. & S. 558), that James P. could not have testified in relation to the validity of Edward’s lien without testifying for or against his wife, against whose property, under the same state of facts, the lien was sought to be enforced in the action. Section 314, referred to, provides that, “ The following persons shall be incompetent to testify. ... 3. Husband and wife for ■or against each other, or concerning any communication made by one to the other during coverture, whether called as a witness while that relation subsists or afterward, except in actions where the wife, were she a feme sole, would be plaintiff or defendant, in which action the wife may testify. Either the husband or wife may testify, but not both.”
The error in rejecting James P. as a witness for Fanny appears in several ways: 1. He was offered to prove payment by Fanny to Edward, to the full extent that the improvement had been made for the benefit of her estate. Susan, the wife of witness, had no interest in this issue, and hence the testimony of- her husband in relation to this question could not have affected her rights in the action. 2. We have already shown that the action was one in which it was proper for the court to render separate judgments, as against Susan and Fanny, upon the claim of Edward — in fact, that a joint judgment against them was inadmissible; hence, notwithstanding Edward’s right to separate judgments, as against Susan and Fanny depended upon- the same general state of facts, James P. was a competent witness for Fanny, upon the whole issue, under the authority of Hubbell v. Hubbell, 22 Ohio St. 208. The rule of that case would have been of easy application on the trial of this case below, where the party against whom the witness was incompetent was either in default *416 or indifferent as to every question in the issues joined with the plaintiff in error.
Judgments reversed as prayed for by plaintiff's in error,, and cause remanded to the District Court for further proceedings.
Day, C. J., White and Rex, JJ., concurring. Welch, J.y not sitting.